ANDREW J. KENNY, Appellant, *v.* LEWIS J. VALENTINE, as Police Commissioner of the City of New York, etc., Respondent.

Argued December 6, 1937; decided January 11, 1938.

*W. H. K. Davey* and *Edward H. Burger* for appellant. The official record of the police pension bureau shows that appellant's pension was suspended on April 1, 1929, under section 1560 of the Charter of the City of New York (L. 1901, ch. 466, as amd.), which could not apply to appellant. Such suspension was, therefore, without warrant of law. Since the official record is impervious to attack or impeachment by parol evidence, it follows that, for the same reasons, it cannot be nullified by mere presumption, the import of which is contrary to the record. (*Power* v. *Village of Athens*, 99 N. Y. 592; *Hadley* v. *City of Albany*, 33 N. Y. 603; *People ex rel. Burr* v. *Zeyst*, 23 N. Y. 140; *People ex rel. Regan* v. *York*, 80 N. Y. Supp. 300; *Pooley* v. *City of Buffalo*, 36 N. Y. Supp. 796; *Howard* v. *Town of Brighton*, 257 N. Y. Supp. 41; *O'Leary* v. *Bd. of Education*, 93 N. Y. 1; *Curnen* v.

*Mayor,* 79 N. Y. 511; *Campbell* v. *City of Hackensack,* 98 A. L. R. 1225.) Section 1560 of the charter could not apply to plaintiff, and suspension of his pension under that section was, therefore, illegal and void. (*Roddy* v. *Valentine,* 268 N. Y. 228.)

*Paul Windels, Corporation Counsel* (*Paxton Blair, William S. Gaud, Jr.,* and *Nicholas Bucci* of counsel), for respondent. The Police Commissioner suspended the plaintiff's pension in the proper exercise of the discretion vested in him by section 356 of the charter. (*People ex rel. Bliel* v. *Martin,* 131 N. Y. 196; *People ex rel. Freligh* v. *Matsell,* 94 N. Y. 179; *Roddy* v. *Valentine,* 268 N. Y. 228; *Matter of Agoglia* v. *Mulrooney,* 259 N. Y. 462; *Matter of Larkin Co.* v. *Schwab,* 242 N. Y. 330; *Admiral Realty Co.* v. *City of New York,* 206 N. Y. 110; *People ex rel. Warschauer* v. *Dalton,* 34 App. Div. 302; 159 N. Y. 235; *People ex rel. April* v. *Butler,* 122 App. Div. 790.)

O'BRIEN, J. Plaintiff was formerly a member of the police department of the city of New York and on May 11, 1911, was retired on a pension. On April 1, 1929, he was appointed Superintendent of Sewers of the borough of Queens and, later, a record was filed in the police department bearing the notation " Pension suspended, Section 1560 of_Charter. app. Supt. of Sewers. Boro of Queens, April 1–1929." Since that date no part of his pension was paid. At Trial Term he recovered judgment for the amount alleged to be due for the six years preceding the institution of this action but the Appellate Division reversed and dismissed the complaint.

At the date of the entry of this departmental record, the Police Commissioner then in office was empowered by section 356 of the Greater New York Charter (Laws 1901, ch. 466) to order, in his discretion, plaintiff's pension to cease or to be diminished. The fact must appear that such act is the result of discretion exercised under authority

conferred by section 356 and not the consequence of an erroneous conclusion of law in respect to an assumed mandatory duty under section 1560 to suspend the pension. This section became effective April 12, 1916 (Laws 1916, ch. 201), and applies only to the suspension of such pensions as were thereafter awarded. The plaintiff's pension was granted five years prior to the enactment of this section. Since the only annotation on the records of the police department indicates an act proceeding from a mistaken view of the law rather than from the exercise of discretion, no presumption exists that discretion had been used.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment accordingly.